MEMORANDUM *
Martha Furman appeals the district court’s dismissal of her shareholder derivative suit for failure to meet the pleading requirements of Fed.R.Civ.P. 23.1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1332. We affirm.
We assess the Rule 23.1 motion according to the law of Delaware, the state in which Wal-Mart is incorporated. See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 990 (9th Cir.1999). In challenging the Wal-Mart board’s refusal of her demand, Furman made only conelusory allegations unsupported by any “allegations of specific fact.... ” Levine v. Smith, 591 A.2d 194, 207 (Del.1991), overruled on other grounds by Brehm v. Eisner, 746 A.2d 244, 253 (Del.2000). The board presented several “rational business purpose[s]” for refusing to act on Furman’s demand. Levine, 591 A.2d at 207. Those stated reasons justify protection from suit under the business judgment rule. See id.
*640 The district court did not err by-dismissing Furman’s complaint without leave to amend. The board asserted that bringing suit as per Furman’s demand might have constituted a harmful admission in litigation pending against WalMart. Furman cannot refute this compelling business purpose. Her complaint “could not be saved by any amendment.” Silicon Graphics, 183 F.3d at 991 (quoting Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991)). Because amendment would be futile, the district court did not need to explain why it denied leave to amend. See Roth v. Marquez, 942 F.2d 617, 628 (9th Cir.1991).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.